IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-41396-TLS |
| | ) | |
| DUANE W. SCOTT and | ) | CH. 13 |
| JOANN L. SCOTT, | ) | |
| | ) | |
| Debtors. | ) | |

## **MEMORANDUM**

Hearing was held in Lincoln, Nebraska, on January 30, 2008, on Debtors' Motion to Approve Renunciation and Disclaimer of Inheritance (Fil. #25), and an Objection thereto filed by the Chapter 13 Trustee (Fil. #35). William V. Steffens appeared for Debtors, and Marilyn Abbott appeared for the Chapter 13 Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A)

Debtors are asking this Court to approve a renunciation and disclaimer of an inheritance and thereby find that the inheritance never became part of the bankruptcy estate. For the reasons discussed herein, I find that the motion should be denied.

The underlying facts are not in dispute. This case was commenced as a joint Chapter 7 proceeding on July 24, 2007. On August 11, 2007, M. Louise Walker died. She was the mother of Debtor, JoAnn L. Scott. Mrs. Scott is the beneficiary of an inheritance under her mother's will. On November 5, 2007, Debtors converted their Chapter 7 case to a case under Chapter 13 of the Bankruptcy Code. On November 27, 2007, Mrs. Scott signed a "Renunciation and Disclaimer of Beneficial Interest" regarding any inheritance she would be entitled to receive from her mother's estate pursuant to Neb. Rev. Stat. § 30-2352. According to Nebraska's renunciation statute, the renunciation relates back for all purposes to the date of death of the decedent and passes as if the person renouncing had predeceased the decedent.

The parties are in agreement that if Debtor JoAnn L. Scott were not allowed to disclaim her inheritance, the bankruptcy estate would include significant additional assets (estimated value according to the schedules of at least $150,000.00). Since unsecured claims are scheduled at approximately $98,000.00, in order to be confirmable, any plan filed by Debtors would need to provide for payment in full of all unsecured claims. The parties also appear to agree that pre-petition disclaimers have been held by most courts as being effective and are not generally construed as transfers for fraudulent transfer purposes. *See Garrett v. Bank of Oklahoma (In re Faulk)*, 281 B.R. 15 (Bankr. W.D. Okla. 2002) (which reviews a number of cases holding pre-petition disclaimers cannot be avoided by a trustee under 11 U.S.C. § 548). The rationale is that by virtue of the pre-petition disclaimer under state law, the debtor never acquired a property interest in the assets. However, post-petition disclaimers have generally not been upheld in bankruptcy. *Id.* at 20.

The filing of a joint case under the United States Bankruptcy Code creates a bankruptcy estate which is comprised of all legal or equitable interests in property held by each debtor on the date of filing. 11 U.S.C. § 541(a). In addition, property of the estate is specifically defined to include property a debtor acquires *or becomes entitled to acquire* by inheritance, bequest, or devise within 180 days of filing of the petition. 11 U.S.C. § 541(a)(5)(A) (emphasis added).

Here, Mrs. Scott's mother died within 180 days of filing the bankruptcy. Therefore, § 541(a)(5)(A) would appear to include the property she became entitled to inherit as property of the estate. If Mrs. Scott is allowed to exercise her state law right to disclaim her interest in the inheritance post-petition, it would have the effect of removing from property of the estate the inherited property to which Debtors became entitled post-petition.

In *Wolfe v. Farrior (In re Farrior)*, 344 B.R. 483 (Bankr. W.D. Va. 2006), the bankruptcy court discussed this apparent conflict between federal law and state law. In that case, after the debtors had filed for Chapter 7 relief, the mother of one of the debtors died and he became entitled to an inheritance. Since the mother's death occurred within 180 days of filing, the trustee argued that the inherited property became property of the estate. The debtors attempted to disclaim the inheritance and thereby exclude the inheritance as property of the estate to be administered by the bankruptcy trustee. In finding that the inheritance was property of the estate, the bankruptcy court held:

> Federal law, not state law, determines what constitutes the property of the estate. The term "property of the estate" encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(5)(A) includes as property of the estate property inherited within 180 days of the filing. As of the date of the filing of the petition Mr. Farrior had disclaimer "rights" granted citizens of the Commonwealth under Virginia law. That is a legal interest in property. Since 11 U.S.C. § 541(a)(5)(A) makes inherited property property of the estate as of the filing date, Mr. Farrior's property at filing consisted of the legal right to disclaim and the property. Once he filed Mr. Farrior lost any right to exercise disclaimer under Virginia law because 11 U.S.C. § 704(a)(1) gives the Chapter 7 trustee the duty to "collect and reduce to money the property of the estate. . . ." The right to disclaim after the filing of the bankruptcy petition became property of the estate and only the trustee could administer that legal interest of the debtor. To hold otherwise would permit state law to preempt the Federal Bankruptcy Code.

344 B.R. at 486 (footnotes omitted).

In the present case, after Mrs. Scott became entitled to the inheritance, Debtors converted their Chapter 7 proceeding to one under Chapter 13. 11 U.S.C. § 1306 provides that in a Chapter 13 proceeding, property of the estate includes all property described in § 541 owned by the debtor as of the date of bankruptcy filing, and all property acquired after the commencement but before the case is closed, dismissed, or converted. Thus, upon conversion to Chapter 13, the description of

property of the estate is actually more expansive than it would have been had the case remained in Chapter 7. While 11 U.S.C. § 1306(b) does provide that a debtor shall remain in possession of property of the estate, the debtor's rights in such property are expressly subject to the same limitations as would be on a trustee. Thus, the Chapter 13 Trustee's position is well taken; once Mrs. Scott became entitled to the inheritance, that entitlement became property of the bankruptcy estate and she had the duties of the trustee to preserve that property for the benefit of creditors.

The facts of this case can be distinguished from those in the case of *In re Bals*, Case No. BK03-44120 (Bankr. D. Neb. Sept. 10, 2004), decided by Chief Judge Timothy J. Mahoney. In that case, the debtor was allowed to disclaim certain life insurance benefits to which he apparently became entitled post-petition upon the death of his ex-wife. In that case, the debtor only became entitled to the life insurance benefits as a result of a mutual mistake of the parties. Specifically, when the couple divorced 10 years prior to the bankruptcy filing, the property settlement agreement provided that their life insurance policies would be maintained in effect in the name of the minor children of the parties as the primary beneficiaries of the policies. The parties mistakenly believed that the policy on the life of the debtor's former wife properly established the children as the primary beneficiaries. By allowing the disclaimer, the life insurance proceeds were able to be paid to the children as all parties intended and as was required in the 10-year-old divorce settlement.

There are no such unique circumstances in this case. Instead, it is a simple matter of one of the debtors becoming entitled to an inheritance within 180 days after bankruptcy filing, which falls squarely within the definition of property of the estate under § 541(a)(2)(A). In fact, it seems that 11 U.S.C. § 541(a)(2)(A) is written specifically to cover this very situation because it includes in property of the estate not just interests that the debtor "acquires" by inheritance, but also property that the debtor "becomes entitled to acquire."

In *Mickelson v. Detlefsen (In re Detlefsen),* 610 F.2d 512 (8th Cir. 1979), the Eighth Circuit Court of Appeals predicted this result. In that case, the court found that a bankrupt debtor *could* disclaim rights to trust assets that the debtor became entitled to receive after bankruptcy filing. At the time, the applicable provision of the Bankruptcy Act simply provided that property of the estate vesting in the trustee included property "which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance . . . ." *Id.* at 514 (*citing* Section 70a of the Bankruptcy Act of 1898 as amended in 1938 and 1952). The court recognized that the Bankruptcy Act of 1978 expanded the definition of property of the estate (to its current version that includes property the debtor becomes entitled to acquire). According to the Eighth Circuit, the result would likely have been different if the 1978 Act had applied since the new definition of property of the estate "almost certainly obviates the question presented in this case." *Id.* at 520.

Accordingly, since Mrs. Scott became entitled to acquire this inheritance within 180 days post-petition, it became property of the bankruptcy estate. She should not be allowed to disclaim that property to the detriment of creditors.

A separate Order shall be entered denying Debtors' Motion to Approve Renunciation and Disclaimer of Inheritance (Fil. #25).

DATED: February 20, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
   *William V. Steffens
   Marilyn Abbott/Kathleen Laughlin
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.